# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Salamo Rakotojoelinandrasana,

        Defendant.

**Order**
Criminal File No. 10-136
(MJD/FLN)

The above-entitled matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge Franklin L. Noel dated August 2, 2010. [Docket No. 43] Plaintiff United States of America and Defendant Rakotojoelinandrasana both filed objections to the Report and Recommendation. Pursuant to statute, the Court has conducted a de novo review of the record, including all transcripts filed and exhibits submitted to the Court. 28 U.S.C. § 636(b)(1); Local Rule 72.2(b). Based upon that review, the Court **ADOPTS** the Report and Recommendation.

Additionally, this Court will address Defendant's objection that this Court should suppress the physical evidence found in Defendant's automobile and apartment because the evidence is "derivative of the illegal detention and

interrogation of Mr. Rakotojoelinandrasana and therefore should be suppressed as the fruit of an illegal action by the police."  The Magistrate Judge expressed in the Report and Recommendation that Defendant provided voluntary consent for the FBI to search both Defendant's automobile and apartment.  This Court adopts the Magistrate Judge's findings in this regard.

However, because the consent was voluntary does not end the inquiry with respect to Defendant's objection that this evidence is the fruit of an illegal police action, "[b]ecause voluntary consent to search 'which was preceded by an illegal police action, does not automatically purge the taint of an illegal detention . . . ."  United States v. Esquivel, 507 F.3d 1154, 1160 (8th Cir. 2007) (quoting United State v. Becker, 333 F.3d 858, 862 (8th Cir. 2003).  For purposes of the Fourth Amendment, a court must determine whether the defendant's consent "was given in circumstances that render it an independent, lawful cause" of the discovery of the evidence at issue.  Becker, 333 F.3d at 861-62.  In making this determination, courts must "consider the following factors: (1) the temporal proximity between the illegal search or seizure and the consent; (2) the presences of intervening circumstances; and (3) the purpose and flagrancy of the official misconduct."  Id. at 862.  In making a determination, no one factor is dispositive.

United States v. Herrera-Gonzalez, 474 F.3d 1105, 1111 (8th Cir. 2007) (citing United States v. Ramos, 42 F.3d 1160, 1164 (8th Cir. 1994)).

This Court need not make a determination of whether or not Defendant was illegally detained, because an application of the above mentioned factors to the case at hand establishes that even if the Defendant were illegally detained, the subsequent consent served to purge the taint of the illegal action.

Assuming an illegal detention from the point Defendant was taken from the casino floor, as Defendant contends, several hours passed from the point of the Defendant was stopped to the time of the consent. Eighth Circuit case law has found that a voluntary consent given very shortly after the illegal police action was enough to purge the taint of the illegal action, if other indications show that the consent was of the defendant's own free will. Herrera-Gonzalez, 474 F.3d at 1112 (citing United States v. Palacios-Suarez, 149 F.3d 770, 772-73 (8th Cir. 1998) (noting that defendant's consent served to purge the taint of an illegal stop nine minutes after the stop was made); see also Esquivel, 507 F.3d at 1160 (stating that defendant's consent nine minutes after the time of the illegal stop was long enough to purge the taint of the illegal stop). As mentioned above, in this case several hours passed between when the Defendant was taken from the

casino floor to the point at which Defendant consented to the FBI searching his automobile and his apartment, more than enough time under the applicable case law.

In this case, there are a number of intervening factors which establish that Defendant's voluntary consent to search his automobile and his apartment served to purge the taint of any alleged illegal detention. First, the Defendant was told many times that he was free to go before the agents obtained his consent. <u>See</u> <u>id.</u> (stating that the Trooper's announcement that the defendant was free to leave served as an intervening circumstance between the illegal stop and defendant's consent). Second, the FBI agents in this case informed the Defendant that he did not have to consent. <u>See</u> <u>United States v. Perry</u>, 437 F.3d 782, 786 (8th Cir. 2006) (noting that an officer's informing a suspect of their right not to consent serves to support the fact that the consent was voluntary and not an attempt by the officer to "exploit an illegal situation") (quoting <u>United States v. Moreno</u>, 280 F.3d 898, 901 (8th Cir. 2002)). The consent form itself stated that the Defendant had been advised of his right not to consent. (Hearing Ex. 4) The intervening factors in this case establish that the consent served as an

independent and lawful cause for the discovery of the physical evidence in the case at hand.

Finally, with relation to the third factor, purposeful and flagrant conduct has been found by courts "where: (1) the impropriety of the official's misconduct was obvious or the official knew, at the time, that his conduct was likely unconstitutional but engaged in it nevertheless; and (2) the misconduct was investigatory in design and purpose and executed 'in the hope that something might turn up.'" Herrera-Gonzalez, 474 F.3d at 1113. As the Magistrate Judge noted, the FBI agents in this case were "mild-mannered, professional and did not threaten the Defendant in any way." (Report & Recommendation 22) The agents told the Defendant that he need not consent if he did not wish. Furthermore, the agents were seeking consent mainly because Defendant had informed them that there was evidence in the automobile. (Hearing Ex. 7) The agents actions in this regard were not flagrant nor were they executed in order to turn something up.

In light of the discussion above, this Court finds that Defendant's voluntary consent serves to purge the taint from any alleged illegal detainment. Thus, the physical evidence obtained from the search of the Defendant's automobile and apartment will not be suppressed.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation dated August 2, 2010 [Docket No. 43].

2. Defendant's Motion to Suppress Statements, Admissions, and Answers [Docket No. 20] is **GRANTED**

3. Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Docket No. 21] is **DENIED**


Dated: October 13, 2010  s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court